# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KENNETH EARL WRIGHT, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| EAST POINT POLICE | : | CIVIL ACTION NO. |
| DEPARTMENT, | : | 1:12-CV-2063-TWT-JFK |
| CLIFFORD CHANDLER, | : | |
| QUENTIN GARRETT, | : | |
| Defendants. | : | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Plaintiff, Kenneth Earl Wright, confined in Washington State Prison, in Davisboro, Georgia, has submitted a *pro se* civil rights complaint. By separate Order Plaintiff was granted *in forma pauperis* status, and the matter is before the Court on the complaint, (Doc. No. 1), for screening under 28 U.S.C. § 1915A.

## I.     28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous when it

"lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. . . . Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations

omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). A plaintiff must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or federal law. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

Plaintiff brings this action against the East Point Police Department, Officer Clifford Chandler, and Officer Quentin Garrett and alleges the following. (Doc. No. 1 ¶ III). On August 29, 2010, Plaintiff was walking in East Point carrying his personal

vacuum cleaner. (Id., Statement of Claim at 1). Officer Chandler pulled up in a patrol car, exited, and started "yelling and interrogating Plaintiff about where did Plaintiff get his vacu[u]m cleaner." (Id.). When Plaintiff dropped his vacuum cleaner and started running, Officer Chandler pursued him, "pointing a gun and yelling at Plaintiff to stop [or] 'I will shoot.'" (Id. at 3). Plaintiff outran the officer. (Id.).

On September 16, 2010, while Plaintiff was detained on unrelated charges, Officer Chandler and Officer Garrett arrested and imprisoned Plaintiff for theft of lost or mislaid property and obstruction of a law enforcement officer. (Id. at 4-6). Plaintiff was released four days later, and the charges were dismissed by "no disposition." (Id. at 6). Thereafter, Plaintiff was "hindered from getting employment and lost pay because of the negative allegations on Plaintiff['s] background report[.]" (Id. at 7).

Plaintiff claims harassment, based on the initial stop; the use of excessive force, based on the threat to shoot; false arrest and imprisonment; and slander. (Id. at 1-7). Plaintiff contends that he has suffered mental and emotional anguish and seeks damages.[1] (Id. at 1-10).

---

[1] If a prisoner proves a constitutional violation, compensatory and punitive damages are unavailable "for mental or emotional injury" when there is no physical injury. 42 U.S.C. § 1997e(e); see also Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011). Absent physical injury, nominal damages are allowed for the violation of a fundamental constitutional right. Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir.

4

### A. The East Point Police Department

The East Point Police Department is not a legal entity subject to suit and must be dismissed. See Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (holding that the City of Atlanta police department is not an entity subject to suit because the department is "merely the vehicle through which the City government fulfills its policing functions"); see also Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (affirming district court decision that the DeKalb County Police Department is not a legal entity subject to suit); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit).

### B. Officers Chandler and Garrett

#### 1. Harassment – Initial Stop

The Fourth Amendment prohibits unreasonable seizures. U.S. Const. Amend. IV. "[T]here are three types of encounters between police and citizens 'for purposes of . . . Fourth Amendment analysis: (1) police-citizen exchanges involving no coercion or detention; (2) brief seizures or investigatory detentions; and (3) full-scale arrests.'"

---

2003).

5

Miller v. Harget, 458 F.3d 1251, 1257 (11th Cir. 2006) (quoting United States v. Perez, 443 F.3d 772, 777 (11th Cir. 2006)). "Officers are free, without any level of suspicion, to approach citizens on the street or in a public place and ask them questions . . . ." Id.

The officers' questioning of Plaintiff occurred on the side of a public street where Plaintiff had been walking. Plaintiff's classifying the questioning as "harassing" and "interrogating" does not show that the questioning portion of the encounter amounted to a seizure or was unconstitutional. See Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003) ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."). Plaintiff's claim of harassment based on the officers' initial questioning fails to show a constitutional violation.

### 2. **Excessive Force**

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV. A state actor's use of excessive force against an arrestee raises Fourth Amendment concerns regarding the right to be free from unreasonable seizures. Terrell v. Smith, 668 F.3d 1244, 1250-51 (11th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 388 (1989)). To determine whether the force used to arrest (or seize)

6

is reasonable requires a balancing of the nature of the intrusion on the arrestee's Fourth Amendment interests with the governmental interests in using force and "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396.

Non-physical use of force can be excessive, such as when an officer points a deadly weapon directly at another person when there is no "perceived risk of injury or danger to the officers or others, based upon what the officers know at that time." Holland ex rel. Overdorff v. Harrington, 268 F.3d 1179, 1187-88, 1192 (10th Cir. 2001) (holding that the plaintiffs were seized and that the Fourth Amendment applied). "An officer's decision to point a gun at an unarmed civilian who objectively poses no threat to the officer or the public can certainly sustain a claim of excessive force." Croom v. Balkwill, 645 F.3d 1240, 1252 n.17 (11th Cir. 2011) (analyzing use of gun in effecting a detention or seizure).

However, there is no seizure under the Fourth Amendment based only on an officer's pursuit. California v. Hodari D., 499 U.S. 621, 629 (1991) ("[S]ince [defendant] did not comply with [the order to stop] he was not seized[.]"); Troupe v.

Sarasota Cnty., Fla., 419 F.3d 1160, 1167 (11th Cir. 2005) (The attempt to seize the suspect "by firing at the tire of the Oldsmobile was not a seizure. '[N]either usage nor common-law tradition makes an *attempted* seizure a seizure.'" (alterations and emphasis in original) (quoting Hodari D., 499 U.S. 626 n.2)). Absent a seizure, a plaintiff cannot establish a Fourth Amendment claim of excessive force.[2] Troupe, 419 F.3d at 1167.

Plaintiff states that he outran Officer Chandler. Thus, there was no seizure or violation of the Fourth Amendment at the time that Officer Chandler pursued Plaintiff. Plaintiff's excessive force claim fails.

---

[2]To the extent that Plaintiff may have intended to bring a substantive due process claim based on the pursuit and threat of deadly force, it would fail because Plaintiff's allegations do not show that Officer Chandler wished to harm him for reasons unrelated to arresting Plaintiff. See White v. Polk County, 207 F. App'x 977, 978 (11th Cir. 2006) ("[T]he critical factor in determining whether the officer violated the Fourteenth Amendment's guarantee of substantive due process was whether the officer's conduct shocked the conscience, which occurs when a plaintiff can show that the officer had 'a purpose to cause harm unrelated to the legitimate object of arrest.'" (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833, 836 (1998))); Vaughan v. Cox, 343 F.3d 1323, 1333 (11th Cir. 2003) (rejecting substantive due process claim based on police pursuit and shooting because the plaintiff failed to show that officers "were motivated by anything but the desire to arrest [the plaintiff]").

8

### 3. False Arrest and False Imprisonment

"A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim" for false arrest. Rodriguez v. Farrell, 280 F.3d 1341, 1345 (11th Cir. 2002) (quoting Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996)) (internal quotation marks omitted). Additionally, "[w]here a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest." Ortega, 85 F.3d at 1526. To show a constitutional violation, a plaintiff must allege "facts showing that the police lacked probable cause to arrest him." Wright v. Dodd, 438 F. App'x 805, 806 (11th Cir. 2011). "Probable cause exists when 'the facts and circumstances within the officers' knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" Jordan v. Mosley, 487 F.3d 1350, 1355 (11th Cir. 2007) (quoting Miller, 458 F.3d at 1259). An officer is entitled to qualified immunity if he had arguable probable cause, which requires that a reasonable officer in his shoes "could have believed that probable cause existed[.]" Grider v. City of Auburn, 618 F.3d 1240, 1257 (11th Cir. 2010)

AO 72A
(Rev.8/82)

(quoting Kingsland v. City of Miami, 382 F.3d 1220, 1232 (11th Cir. 2004)) (internal quotation marks omitted).

In Georgia, a "person commits the offense of theft of lost or mislaid property when he comes into control of property that he knows or learns to have been lost or mislaid and appropriates the property to his own use without first taking reasonable measures to restore the property to the owner." O.C.G.A. § 16-8-6. Moreover, "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." O.C.G.A. § 16-10-24(a).

If faced with a person who chooses to flee when asked where he obtained a vacuum cleaner that he is carrying on a public street, it is arguable that a reasonable officer could suspect that the person had wrongfully appropriated the vacuum cleaner. Additionally, although Plaintiff's initial flight may not have constituted obstruction, a reasonable officer could believe that a person is committing obstruction when he continues to run after the officer has ordered him to stop. See Dukes v. State, 275 Ga. App. 442, 443, 622 S.E.2d 587, 588 (2005) ("Flight after a lawful command to halt constitutes obstruction of an officer." (citation and internal quotation marks omitted)). The officers here are entitled to qualified immunity for arresting Plaintiff for

10

obstruction and theft, and Plaintiff fails to state a claim for false arrest or imprisonment.

### 4. Slander

"No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Although a person does not have a due process protected interest in avoiding stigmatization alone, he does have a protected interest in avoiding stigma plus the deprivation of "'a previously recognized property or liberty interest[.]'" Smith ex rel. Smith v. Siegelman, 322 F.3d 1290, 1296, 1298 (11th Cir. 2003) (quoting Cypress Ins. Co. v. Clark, 144 F.3d 1435, 1436-37 (11th Cir. 1998)). However, "deleterious effects that flow directly from a sullied reputation, such as the adverse impact on job prospects, are normally insufficient" to show stigma plus. Id. at 1298; see also Paul v. Davis, 424 U.S. 693, 697, 712 (1976) (holding that allegations that the alleged slander would "seriously impair . . . future employment opportunities" did not show a deprivation of a property interest protected by the Due Process Clause).

Plaintiff's assertion of a generalized adverse impact on his job prospects is insufficient to show that he has been deprived of a protected property or liberty interest, and his claim of slander does not state a constitutional claim.

AO 72A
(Rev.8/82)

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED**, under 28 U.S.C. § 1915A, that this action be **DISMISSED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO DIRECTED and RECOMMENDED** this 24th day of September, 2012.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)